Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FRANCISCUS TRUST CORP. Y OTROS<br><br>**Parte Apelada**<br><br>v.<br><br>SUCESIÓN DE PEDRO GONZÁLEZ RAMOS POR SI Y EN REPRESENTACIÓN DE Y OTROS<br><br>**Parte Apelante** | **TA2025AP00661** | ***APELACIÓN***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Caso Núm.:<br>**SJ2018CV08127**<br><br>Sobre:<br><br>**Daños** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Pérez Ocasio, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de enero de 2026.

Comparecen ante nos las peticionarias Consejo de Titulares del Condominio Park Terrace, en adelante, Consejo, Nelky Pérez Pagán, Nelky González Pérez y Eduardo González Pérez, en adelante, Sucesión González Ramos, solicitando que revisemos la *"Sentencia Parcial"* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante, TPI-SJ el 17 de noviembre de 2025. En el dictamen recurrido, el Foro Primario declaró *"Ha Lugar"*, de manera parcial, una moción de desestimación.[1]

Por los fundamentos que expondremos a continuación *denegamos* expedir el recurso de solicitado.

**I.**

El 24 de septiembre de 2018, John Franciscus, su esposa Verena Ostertag y la Sociedad de Gananciales entre ambos, en adelante, SBG Franciscus-Ostertag y Fransiscus Real Estate Co &

---

[1] El recurso que aquí nos ocupa fue identificado como una Apelación. Sin embargo, luego de evaluar el mismo, mediante "Resolución" del 15 de diciembre de 2025, notificamos que acogeríamos el mismo como una petición de certiorari.

Assoc., Inc., en adelante, Franciscus Real Estate, demandaron a Pedro González Ramos y su esposa Nelky Pérez Pagán por daños y perjuicios.[2] Alegaron que su local ubicado en el Condominio Park Terrace sufrió daños por filtraciones de aguas provenientes del apartamento 1-B1, que ubica sobre el mismo. El caso comenzó a litigarse, y el 6 de febrero de 2019, el TPI-SJ desestimó con perjuicio toda reclamación de Franciscus Real Estate contra los peticionarios.[3]

Sin embargo, luego de varios trámites procesales, el 20 de enero de 2023, el Foro Primario mediante *"Sentencia Parcial"* ordenó a la SBG Franciscus-Ostertag a realizar varias reparaciones, permaneciendo aun en el tintero la determinación final de daños y perjuicios.[4]

Ahora bien, unos meses más tarde, luego de la muerte de Pedro González Ramos, los peticionarios solicitaron que se enmendara la demanda en sustitución de parte.[5] Por su parte, el 18 de agosto de 2025, los recurridos también solicitaron enmendar la demanda, alegando que los activos de la SBG Franciscus-Ostertag así como todos los derechos fueron adquiridos por Franciscus Trust Corp, aquí recurrido mediante Escritura de Cesión (Deed of Assignment), otorgado el 5 de marzo de 2025.[6]

En respuesta, el Consejo y la Sucesión González Ramos presentaron una *"Moción Conjunta de Desestimación"*, en la que alegaron que Franciscus Trust Corp no tiene legitimación activa para reclamarles daños, en sustitución de la SBG Franciscus-Ostertag.[7] El recurrido se opuso mediante moción el 8 de octubre de 2025.[8]

---

[2] SUMAC, Entrada Núm. 1.
[3] SUMAC, Entrada Núm. 17.
[4] SUMAC, Entrada Núm. 132.
[5] SUMAC, Entrada Núm. 174.
[6] SUMAC, Entrada Núm. 240, Anejo #1.
[7] SUMAC, Entrada Núm. 250.
[8] SUMAC, Entrada Núm.252.

Así las cosas, el 17 de octubre de 2025, el Foro Primario notificó una *"Sentencia Parcial"* en la que declaró *"Ha Lugar"* la solicitud de desestimación, a los efectos de eliminar toda reclamación de Franciscus Real Estate contra los peticionarios. Sin embargo, declaró *"No Ha Lugar"* desestimar el resto de las reclamaciones con relación a los daños del inmueble.[9]

Los peticionarios solicitaron la reconsideración del TPI-SJ, el 25 de octubre de 2025.[10] El recurrido se opuso a ello, mediante moción, el 12 de noviembre de 2025.[11] Unos días más tarde, siendo el 16 de noviembre de 2025, mediante *"Resolución Interlocutoria"*, el Foro Recurrido declaró *"No Ha Lugar"* la petición de reconsideración.[12]

Inconformes, los peticionarios recurrieron ante nos el 11 de diciembre de 2025 y presentaron el recurso de autos, haciendo el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moción de Desestimación Parcial en cuanto a la determinación de mantener vivas las reclamaciones "patrimoniales y económicas de la parte demandante relacionadas con daños al inmueble (incluyendo, sin que implique limitación, costos de reparación, pérdida de uso y/o rentas, disminución de valor)" debido a que al amparo de la Regla 10.2 de Procedimiento Civil en esta etapa de los procedimientos por entender que "ello requiere un mínimo de prueba y depuración de hechos que no pueden resolverse adecuadamente en una moción de desestimación".

Mediante *"Resolución"* del 15 de diciembre de 2025, concedimos a la parte recurrida hasta el 22 de diciembre de 2025 para presentar su posición, según dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56-57, 215 DPR ___ (2025).

---

[9] SUMAC, Entrada Núm. 258.
[10] SUMAC, Entrada Núm. 259.
[11] SUMAC, Entrada Núm. 271.
[12] SUMAC, Entrada Núm. 272.

Llegado el día límite señalado, la parte recurrida presentó su *"Oposición a Expedición de Certiorari"*.

Perfeccionado el recurso ante nos, procedemos a expresarnos.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos

relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. De Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> > (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> >
> > (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
> >
> > (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> >
> > (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> >
> > (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023)

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III.**

Los peticionarios recurren ante esta Curia cuestionando la determinación del Foro Primario de denegar, en parte, una

solicitud de desestimación, manteniendo así vivas las reclamaciones en su contra por parte de Franciscus Trust Corp. La Sucesión González Ramos alega que esta última no tiene legitimación activa para la reclamación extrajudicial en su contra.

Sin embargo, luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso como este, nos vemos impedidos de expedir el mismo. Además, lo cierto es que no hemos identificado perjuicio, parcialidad o abuso de discreción en la determinación del TPI-SJ.

Según los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra intervención.

## IV.

Por los fundamentos antes expuestos, *denegamos la expedición del auto.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones